Peakson, O. J.
 

 The question depends upon the construction of our statutes. “
 
 In all actions whatsoever,
 
 the party in whose favor judgment shall be given, &c., shall be entitled to full costs;” Rev. Code, ch. 31, sec. 75.
 

 “
 
 No writ or other leading process,
 
 returnable to any court of record shall be granted or issued by the clerk or his deputy, but under the following rules, to wit: The clerk by himself or his deputy,
 
 before issuing the same,
 
 shall take bond with sufficient security
 
 of the person suing,
 
 conditioned that he will prosecute, &c.,” ch. 31, sec. 40.
 

 “ If any clerk by himself or deputy, shall issue any writ or other leading process, otherwise than as by the two preceding sections directed, he shall pay to the defendant the sum of two hundred dollars.”
 

 The words of the statute are as broad as they can be, and although we consider this a “hard ease,” we cannot avoid the conviction that it is embraced by the provisions of the statute. It is settled, that in suits on official bonds, the relator is the real plaintiff, or in the words of the statute “ the person suing,” from whom the clerk is required to take a prosecution bond. Put, Mi\
 
 Bryan,
 
 on the part of the defendant, took this distinction : an individual suing as relator on a sheriff’s or constable’s bond, must give a prosecution bond, but the relator in this case, being the county trustee, sues for the use of the county, to recover the county funds, which are in effect the funds of the State; so that the suit is in fact a suit for the. use of the State, and he insisted that the State or one suing for the use of the State, is not liable for cost, and in support of his position, cited 3 Plackstone 397, where it is said “ The
 
 *535
 
 King
 
 or one suing for the use of the
 
 King, is not liable for costs.”
 

 At common law, neither party to a suit was liable to the other for costs, but the Court imposed a fine on the party in fault, for false clamor in case of the plaintiff, or for resisting a just claim in case of the defendant, who was in
 
 miseriaoordia;
 
 which fine was a matter of substance, and was paid into the treasury of the King. By the act of Ed. I, the party in whose favor the principal judgment was rendered was also entitled to a judgment for his cost, after which the fine on the party against whom judgment was rendered, became merely nominal. In putting a construction on this statute, it was held that a suit in the name of the King was not embraced. But an individual suing for the use of the King, was held liable for cost, and therefore the statute 24 Elen. 8, chap. 8, was passed, which enacts that one suing for the use of the King, shall not be liable for costs. This statute is not re-enacted by our code, and its omission not only leaves the position of Mr.
 
 Bryan
 
 unsupported, but shows that there is nothing to restrict the general words of our statute, or to relieve the defendant from the penalty.
 

 Per Curiam,
 

 There is no error. Judgment affirmed.